UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IFC CREDIT CORPORATION, assignee of )
Norvergence, Inc., )
)
Plaintiff, )
) No. 04 C 6504
v. )
) Judge John W. Darrah
ALIANO BROTHERS GENERAL )
CONTRACTORS, INC. and )
MICHAEL ALIANO, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, IFC Credit Corporation, filed a diversity suit against Defendants, Aliano Brothers General Contractors, Inc. and Michael Aliano. Plaintiff, who is the assignee of a lease from Norvergence, Inc., contends that Defendants have failed to make the required payments on the lease. Presently before the Court is Defendants' Amended Motion to Dismiss; Defendants seek to dismiss the Complaint for lack of personal jurisdiction and improper venue, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). For the following reasons, that motion is granted.

## LEGAL STANDARD

Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. *See Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). When determining whether the plaintiff has met the burden of establishing a *prima facie* showing of jurisdiction, jurisdictional allegations in the complaint are taken as true, unless controverted by the defendant's affidavits or exhibits. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987)

(*Turnock*). The other facts come from the declarations and exhibits submitted by the parties, and a court can look to affidavits and exhibits submitted by each party. *Turnock*, 816 F.2d at 333. All factual disputes must be resolved in favor of the plaintiff. *Turnock*, 816 F.2d at 333.

In diversity actions, a federal court has personal jurisdiction over a non-resident defendant only if a court of the state in which the federal court sits would have personal jurisdiction. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992) (citation omitted). A determination of whether an Illinois court would have jurisdiction requires an examination of three sources of law: "(1) state statutory law, (2) state constitutional law, and (3) federal constitutional law." *RAR, Inc. v. Turner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (*RAR*).

Under Illinois law, a court can have personal jurisdiction over a non-resident via the state's long-arm statute. 735 ILCS § 5/2-209. The statute provides that an Illinois court may exercise jurisdiction on any basis permitted by the state or federal constitution. 735 ILCS § 5/2-209(c). Therefore, the statute authorizes the exercise of personal jurisdiction by the Illinois courts to the fullest constitutional limit; and the statutory analysis collapses into a two-prong analysis: one based on the Illinois Constitution and one based on the United States Constitution. *RAR*, 107 F.3d. at 1276.

"Illinois courts have given little guidance as to how state due process protection differs from federal protection in the context of personal jurisdiction." *RAR*, 107 F.3d at 1276. However, the Due Process Clause of the United States Constitution permits an Illinois court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Neuman & Assoc. v. Florabelle Flowers*, 15 F.3d 721, 725 (7th Cir. 1994). This determination depends on whether the plaintiff asserts specific or general jurisdiction against the defendant. *RAR*, 107 F.3d at 1277.

"General jurisdiction . . . is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum state." *RAR*, 107 F.3d at 1277. Therefore, general jurisdiction is a broader form of personal jurisdiction and requires the defendant to have even more contacts with the forum state than is required to meet the test for specific jurisdiction.

Specific jurisdiction "refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 486 U.S. 408 (1984)). To determine whether specific jurisdiction exists, a defendant must have "purposefully established minimum contacts within [Illinois];" and those contacts must make personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Defendant must have "purposely availed" itself of the privilege of conducting activities within the forum state, invoking the benefits and protections of its laws such that they would "reasonably anticipate being haled into court there." *Asahi-Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 119 (1987).

Plaintiff must satisfy two elements for specific jurisdiction: (1) the plaintiff must show that the defendant is amenable to service of process, and (2) the plaintiff must establish that haling the defendant into court is consistent with the Fourteenth Amendment's due process clause. *LFG, LLC. v. Zapata Corp.*, 78 F.Supp.2d 731, 734 (N.D. Ill. 1999). However, a

potential defendant can waive objections to the exercise of personal jurisdiction by signing a forum selection clause before the suit, unless the clause is unreasonable and unjust. *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990) (*Northwestern*).

## ANALYSIS

Defendants are citizens of New Jersey, and Norvergence's main offices are located in New Jersey. Norvergence entered into an agreement to lease equipment to the Defendants, and Defendants received the equipment. After the execution of the lease, Norvergence assigned its rights to the equipment and lease to Plaintiff. Plaintiff is an Illinois corporation with its principal place of business in Illinois. Defendants ultimately defaulted on the lease by failing to pay Plaintiff as required, and Plaintiff brought suit in the Northern District Court in Illinois.

Michael Aliano has never been to Illinois, does not own property in Illinois, does not transact business in Illinois, and has no other ties to the state of Illinois. Aliano Brothers does not transact business in Illinois, is not licensed to do business in Illinois, has never registered to do business in Illinois, does not maintain any place of business in Illinois, does not own any real estate in Illinois, and does not have any officers, agents, or employees within Illinois.

On the back of the lease page signed by the Defendants are twenty-one paragraphs in small print. Among them is the following:

> **APPLICABLE LAW**: You understand that the Equipment may be purchased for cash or it may be rented. By signing this Rental, you acknowledge that you have chose to rent the Equipment from us for the term of this Rental, and that you have agreed to pay the specified Rental Payment and other fees described herein. We both intend to comply with applicable laws. If it is determined that your Rental Payments results in a payment greater than would be allowed by the applicable law, then any excess collected by us will be applied to any outstanding balance due and owing under this Rental. This agreement shall be governed by, construed, and enforced in accordance with the laws of the State in which [Norvergence's]

4

principal offices are located or, if this Lease is assigned by [Norvergence], the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to the Lease shall be venued exclusively in a state or federal court located with that state, such court to be chose at [Norvergence] or [Norvergence's] assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental.

Defendants argue that personal jurisdiction is lacking because they have no contacts with the state of Illinois, such that Plaintiff cannot exercise either general or specific jurisdiction over Defendants in Illinois.

Defendants are not subject to general jurisdiction in Illinois. It is undisputed that they have no contacts with the State of Illinois in any fashion. Similarly, Defendants are not subject to specific jurisdiction in Illinois. Nothing in the Complaint discusses any conduct by which Defendants submitted themselves to the specific jurisdiction of Illinois courts. As discussed above, it is undisputed that Defendants have no contacts with the state of Illinois; therefore, Defendants could not have transacted any business with Illinois or made or performed any contract substantially connected with Illinois. Moreover, "Illinois courts have consistently held that remittance of payments to an Illinois Plaintiff by non-resident defendants is not sufficient to confer personal jurisdiction." *Prime Leasing, Inc. v. Jackson-Madison County Gen. Hosp. Dist.*, No. 91 C 5726, 1992 WL 80410, at *6 (N.D. Ill. Apr. 7, 1992); *see also Mellon First United Leasing v. Hansen*, 705 N.E.2d 121, 127 (Ill. App. Ct. 1998). As such, specific jurisdiction cannot exist only because Plaintiff is an Illinois corporation seeking payments from Defendants.

Plaintiff does not argue to the contrary but, rather, asserts that Defendants have waived these jurisdictional requirements and consented to jurisdiction in Illinois based on the paragraph in the lease set out above, which Plaintiff characterizes as a forum selection clause. Defendants

5

do not dispute that a valid forum selection clause can confer personal jurisdiction. However, Defendants contend that the language relied upon by Plaintiff is not an enforceable forum selection clause. The Seventh Circuit has stated that a forum selection clause is

> presumptively valid and enforceable unless (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) its enforcement would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.

*AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. 2001) (alterations and citations omitted).

The clause relied upon as conferring Illinois jurisdiction is not enforceable because it violates public policy requiring specificity in a forum selection clause. The purported forum selection clause does not designate a specific state to which the parties will litigate any issues once the lease is assigned and confers upon the lessor the right to assign to any creditor in any state. Defendants have no way of knowing, at the time the lease was executed, what state in the union they would be required to litigate. As such, Defendants cannot be found to have consented to jurisdiction in Illinois. The cases cited by Plaintiff all contain clauses which designate a specific forum at the time of execution of the agreement.

In *Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 662 N.E.2d 467, 469-70 (Ill. App. Ct. 1996) (*Whirlpool*), *appeal denied*, 667 N.E.2d 1063 (Ill. 1996), a service of suit provision provided that the defendants "will submit to the jurisdiction of any Court of competent jurisdiction within the United States." The court, in rejecting the application of this provision as a forum selection clause, held:

> If parties to a contract agree to try their case in a specific forum they could be giving up important rights. At the same time, a forum selection clause seeks to bind a state to try a case it otherwise might not want. **Good policy dictates that a true forum selection clause should be clear and specific.**

*Whirlpool*, 662 N.E.2d at 471 (emphasis added).

In *IFC Credit Corp. v. Eastcom, Inc.*, No. 04 C 6503, 2005 WL 43159, at * 1 (N.D. Ill. Jan. 7, 2005) (*Eastcom*), the lease agreement contained a forum selection clause identical to the one at issue in the case at bar. The court held "the contract lacks an essential element regarding forum selection. Put simply, no selected forum is identified in the agreement." *Eastcom*, 2005 WL 43159, at *1, *3.

Based on the above, the forum selection clause in this matter contravenes Illinois' public policy requiring the identification of a clear and specific forum in the forum selection clause. Accordingly, the forum selection clause is not enforceable; and no other basis to exercise jurisdiction over Defendants in Illinois exists.

## CONCLUSION

For the foregoing reasons, Defendants' Amended Motion to Dismiss is granted.

Dated: February 16, 2005

JOHN W. DARRAH
United States District Judge