

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IFC CREDIT CORPORATION, assignee of NORVERGENCE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | No. 04 C 6504 |
| v. | ) ) | Judge John W. Darrah |
| ALIANO BROTHERS GENERAL CONTRACTORS, INC. and MICHAEL ALIANO, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, IFC Credit Corporation, filed a diversity suit against Defendants, Aliano Brothers General Contractors, Inc. and Michael Aliano. Plaintiff, who is the assignee of a lease from NorVergence, Inc., contends that Defendants have failed to make the required payments on the lease. Currently before the Court is Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendants assert that the action is based on both claim (*res judicata*) and issue (collateral estoppel) preclusion.

## BACKGROUND

On October 10, 2003, NorVergence and IFC entered into a Master Program Agreement, governing the assignment of NorVergence's equipment rental agreements to IFC. Under the Master Program Agreement, IFC decided which agreements to purchase. Additionally, NorVergence was required to repurchase any assigned rental agreements if the first payment of the rental became due and was not paid within 30 days by customers.

NorVergence and Aliano Brothers General Contractors entered into a contract on April 15, 2004, for the lease of telecommunications equipment. Michael Aliano guaranteed the contract for Aliano Brothers General Contractors. Under the contract, NorVergence was required to provide a matrix box and telecommunication services. Aliano Brothers General Contractors was to pay sixty payments of $1,710.74.

The contract authorizes NorVergence to assign the contract. Immediately after Aliano Brothers General Contractors signed the contract, NorVergence assigned it to IFC. IFC is an Illinois corporation and has been assigned numerous NorVergence contracts. NorVergence has not provided the telecommunication services since August 2004. Aliano stopped making payments on the lease.

NorVergence entered bankruptcy, involuntarily, on June 30, 2004. Prior to NorVergence's entering bankruptcy, IFC requested that NorVergence repurchase agreements that IFC determined had entered default. Aliano was among those agreements that IFC determined had defaulted. Because of the impending bankruptcy, NorVergence was not able to repurchase the agreements. In lieu of repurchase, NorVergence offered IFC a security interest in NorVergence's rights, title, and interest in all equipment rental agreements not yet assigned and all monies due and to become due under such agreements as collateral to secure NorVergence's repurchase obligation. IFC accepted.

In October 2004, while NorVergence was in bankruptcy, IFC filed the instant lawsuit, alleging breach of the equipment lease and breach of contract of guaranty and seeking possession of the equipment.

IFC also attempted to have the automatic stay of the bankruptcy court lifted so that they could recover and foreclose upon the rental agreements in which they held a security interest. A ruling was never issued because IFC withdrew its request to have the stay lifted.

2

In November 2004, while NorVergence was still in bankruptcy, the Federal Trade Commission ("FTC") filed suit against NorVergence in the District Court of New Jersey. The FTC accused NorVergence of unfair and deceptive acts or practices in violation of Section 5(a) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a). At issue were approximately 1,600 un-assigned NorVergence equipment lease agreements. NorVergence had no assets, and debtor's counsel was unwilling to represent it. Therefore, NorVergence was unable to defend the FTC suit.

The district court of New Jersey entered a default judgment against NorVergence on June 29, 2005. The court found that NorVergence caused nearly $200 million dollars in injury to consumers. Furthermore, the FTC found that the lease rental agreements were void and unenforceable. *See Federal Trade Commission v. NorVergence, Inc.*, CIV 04-5414 (D.N.J. 2005). The FTC judgment invalidated leases that were retained by NorVergence and not assigned to leasing companies. Accordingly, the FTC judgment was not directed at the lease at issue in the instant case.

This is the Defendants' second motion to dismiss. Initially, Aliano moved to dismiss for lack of personal jurisdiction on grounds that the forum selection clause contained in the contract was unenforceable. This Court granted the motion, but the Seventh Circuit Court of Appeals reversed. *IFC Credit Corp. v. Aliano Brother General Contractors, Inc.*, 437 F.3d 606 (7th Cir. 2006).

## ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Castellano v. Chicago P.D.*, 129 F. Supp. 2d 1184, 1188 (N.D. Ill. 2001). In reviewing a motion to dismiss, the court may consider matters of public record outside the pleadings. *See Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir.1994). Dismissal under this provision is proper only if "it is clear that no

relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir.1993).

Aliano's motion to dismiss for failure to state a claim is based on the contention that the judgment in the FTC action is both claim and issue preclusive. Aliano seeks to bar IFC from relitigating the enforceability of the lease agreement that it was assigned from NorVergence based on the default judgment in the FTC suit. IFC asserts that because they were not a party to the FTC suit and IFC and NorVergence are not privies, to apply the FTC judgment to them would offend due process.

Claim preclusion bars parties from litigating those claims that have previously been litigated or could have been litigated previously. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The federal rules of claim preclusion apply because the preceding litigation was in federal court on a federal cause of action. *Central States, Southeast and Southwest Area Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002).

The federal law of claim preclusion bars a claim when there is: (1) identity of the parties or privies, (2) a final judgment on the merits, and (3) identity of the cause of action. *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir.1995).

In general, privity exists between parties who adequately represent the same legal interests. *In re L & S Industries, Inc.*, 989 F.2d 929, 932 (7th Cir.1993); *People Who Care, et al. v. Rockford Board of Ed.*, 68 F.3d 172, 177 (7th Cir.1995) *(People Who Care)*. The question of whether privity exists is a fact-intensive determination reviewed on a sliding scale. *In re L & S Industries, Inc.*, 989 F.2d. at 933.

Based on the allegations in the Complaint, it cannot be determined, at this stage of the litigation, that privity existed between IFC and NorVergence for purposes of *res judicata*. Furthermore, based on these allegations, IFC may be a holder in due course, enabling IFC to enforce the contract even if it is found to be void. Accordingly, dismissal at this time, based on the doctrine of *res judicata*, is denied.

Defendants also argue that IFC's claim is barred by the doctrine of collateral estoppel. The doctrine of collateral estoppel bars the relitigation of issues. An issue may not be relitigated if: (1) the issue to be precluded is the same issue that was involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom preclusion is invoked was represented in the prior action. *See Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000). Importantly, collateral estoppel does not apply because of another party's default judgment because the issue was not actually litigated. *See United States v. Bailey*, 957 F.2d 439, 443 (7th Cir. 1992) (*Bailey*).

Collateral estoppel does not apply to the instant case because the issues of the instant case were not actually litigated by the default judgment in the FTC action. *See Bailey*, 957 F.2d at 443.

## CONCLUSION

Based on the above, Defendants' Motion to Dismiss is denied.

Dated: June 28, 2006

JOHN W. DARRAH
United States District Court Judge