UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IFC CREDIT CORPORATION, assignee of NorVergence, Inc., ) ) ) | |
| Plaintiff, ) ) ) | No. 04 C 6504 |
| v. ) ) | Judge John W. Darrah |
| ALIANO BROTHERS GENERAL CONTRACTORS, INC. and MICHAEL ALIANO, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff/Cross-Defendant, IFC Credit Corporation ("IFC"), filed a diversity suit against Defendants/Cross-Plaintiffs, Aliano Brothers General Contractors, Inc. and Michael Aliano (collectively referred to as "Aliano Brothers"). IFC, who is the assignee of a lease from NorVergence, Inc. ("NorVergence"), contends that Aliano Brothers have failed to make the required payments on the lease. Aliano Brothers filed a Counterclaim and Affirmative Defenses against IFC, alleging fraudulent inducement, consumer fraud and/or deceptive trade practices, fraud, and civil conspiracy. Presently before the Court is IFC's Motion to Dismiss the Aliano Brothers' Affirmative Defenses and Counterclaim.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court considers all allegations in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A claim under the Federal Rules of Civil Procedure should be "short and plain," and it suffices if it notifies the

defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9 (Pleading Special Matters, *i.e.*, fraud, mistake, etc.). *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (*Kolupa*). In other words, any movant "tempted to write 'this complaint is deficient because it does not contain . . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Kolupa*, 438 F.3d at 713 (*quoting Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005)) (emphasis in original).

## FACTS

Aliano Brothers are citizens of New Jersey, and NorVergence's main offices are located in New Jersey. NorVergence was in the business of offering to sell telecommunication services, including local telephone, mobile phone, and high-speed Internet, at a supposedly reduced rate to local businesses, such as Aliano Brothers. In March 2004, NorVergence approached Aliano Brothers about NorVergence's telecommunication packages. NorVergence represented that if Aliano Brothers leased and installed a machine (dubbed "the Matrix"), NorVergence would route telecommunication services to the Aliano Brothers' premises, allegedly at dramatic cost savings. On April 15, 2004, NorVergence entered into an agreement (the "Agreement") to lease the Matrix to the Aliano Brothers. After the execution of the Agreement, NorVergence assigned its rights to the equipment and lease to IFC. IFC is an Illinois corporation with its principal place of business in Illinois. In July 2004, NorVergence was the subject of involuntary bankruptcy proceedings and remains so.

Aliano Brothers ultimately defaulted on the lease by failing to pay IFC as required, and IFC brought suit in the Northern District Court of Illinois. Aliano Brothers filed a Counterclaim against IFC, alleging fraudulent inducement, consumer fraud and/or deceptive trade practices, fraud, and civil conspiracy. Aliano Brothers allege that IFC knew or reasonably should have known, at the time Aliano Brothers signed an Agreement or at the time that IFC accepted assignment of the Agreement, that: (1) the Matrix was only worth about $500-$1,250; (2) there was a disparity between the payments due from Aliano Brothers under the terms of the Agreement and the value of the Matrix box; (3) the amount due under different Agreements varied widely as IFC had previously accepted assignment of hundreds of NorVergence contracts; (4) in order to induce small businesses like Aliano Brothers to enter into the Agreement, NorVergence represented that the payments called for under the Agreement were in exchange for the services of NorVergence, including the incidental provision of the Matrix box; (5) the Matrix box was incidental to the provision of the telecommunication services and was of no value to Aliano Brothers without the services for which they contracted; (6) NorVergence had previously received complaints from customers who did not receive the contemplated services; (7) NorVergence has filed suit against customers seeking to enforce the Agreement, and these customers have asserted defenses to NorVergence's right to enforce the contract; and (8) NorVergence and IFC were represented by the same legal counsel in substantially similar disputes involving the agreements with customers and attempts to collect under them.

## ANALYSIS

IFC asserts that the Counterclaim should be dismissed on four grounds. IFC asserts that: (1) the plain language of the Agreement prohibits Aliano Brothers from making any claims or

3

raising any affirmative defenses against IFC, as assignee of the Agreement; (2) the Counterclaim and Affirmative Defenses claiming fraud and consumer fraud violate the pleading requirements set forth in Rule 9(b) by failing to plead with the required particularity; (3) Aliano Brothers are not entitled to protection under the Illinois Consumer Fraud and Deceptive Business Practices Act because the transaction occurred in New Jersey, and any claim under the Uniform Deceptive Trade Practices Act fails for lack of future harm; and, finally, (4) Aliano Brothers failed to state a claim for civil conspiracy upon which relief may be granted.

*(1) Plain Language of the Agreement*

According to IFC, the Affirmative Defenses and Counterclaim are prohibited even though Aliano Brothers premise some of their claims on fraud. IFC cites *American Patriot Insurance Agency, Inc. v. Mutual Risk Management, Ltd.*, 364 F.3d 884, 889 (7th Cir. 2004) for this proposition. Aliano Brothers respond that the allegations of fraud and conspiracy call into question whether the Agreement was valid and that, thus, the Counterclaim should not be dismissed.

The Agreement is voidable by Aliano Brothers as to IFC if IFC knew of NorVergence's alleged fraud at the time of the assignment. *See, e.g.* 810 ILCS 5/9-403(b). This factual determination is not a question to be decided on a motion to dismiss. The Court must consider all allegations in the Counterclaim and any reasonable inferences drawn therefrom in the light most favorable to the non-moving party, here Aliano Brothers. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

*(2) Pleading with Particularity*

IFC asserts that Aliano Brothers failed to plead their fraud claims with particularity. To state a claim for common-law fraud, a plaintiff must allege: "(1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury." *Taylor v. Bean*, 2004 WL 2106605, at * 11 (*quoting Cramer v. Ins. Exchange Agency*, 174 Ill.2d 513, 675 N.E.2d 897 (1996)). A fraudulent inducement claim is pled where a plaintiff alleges: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induced plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting therefrom. *Faust Printing, Inc. v. MAN Capital Corp.*, 02 C 9345, 2006 WL 1719532, *4 (N.D. Ill. June 16, 2006) (*citing Capiccioni v. Brennan Naperville*, 339 Ill. App.3d 927, 933 (2d Dist. 2003)).

Aliano Brothers has pled the "who, what, when, and where" of the alleged fraud sufficient to "reasonably notify the defendants of their purported role in the scheme." *Vicom, Inc. v. Harbridge Merchant Serv., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994). The Counterclaim sufficiently informs IFC of the attributable fraudulent conduct and IFC's role in the fraudulent scheme. Rule 9(b) does not "interpolate a requirement of fact pleading into the federal rules." *Sullivan v. Rilling*, 1999 WL 199602, * 3 (*quoting Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995)). Rule 9(b) "must not be applied blindly but rather must be applied in view of its

purposes, which are: (1) to inform the defendants of the nature of the claimed wrong and enable them to formulate an effective response and defense; (2) to eliminate the filing of a conclusory complaint as a pretext for using discovery to uncover wrongs; and (3) to protect defendants from unfounded charges of fraud which may injure their reputations. *Reshal Assoc. Inc. v. Long Grove Trading Co.*, 754 F. Supp. 1226, 1230 (N. D. Ill. 1990) (internal quotations omitted).

### (3) Illinois State Law Claims[1]

IFC relies on *Avery v. State Farm Mutual Auto Ins. Co.*, 835 N.E.2d 801, 853 (Ill. 2005), to argue that the Illinois Consumer Fraud Act ("IFCA") "does not apply to fraudulent transactions which took place outside Illinois." IFC reads *Avery* too narrowly. The court in *Avery* held that "a plaintiff may pursue a private cause of action under the [ICFA] if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Id.* at 853-54. The *Avery* court set the following test for determining when a transaction occurs "primarily and substantially" in Illinois; it pointed to the following factors to guide the analysis: (i) plaintiff's residence, (ii) where the deception occurred, (iii) where the damage to plaintiff occurred, and (iv) whether plaintiff communicated with defendants or its agents in Illinois.

The fraud underlying this dispute is alleged to have substantially and primarily occurred in Illinois. Although Aliano Brothers were located in New Jersey at the time NorVergence solicited Aliano Brothers, Aliano Brothers allege a Master Program Agreement was in place to provide the assignment of the Agreement that was executed and performed in Illinois and that was governed by and is to be construed and enforced under Illinois law. In addition, the

---

[1] IFC asserts that Aliano Brothers are asserting a claim under the Illinois Uniform Deceptive Trade Practices Act. Aliano Brothers, in response, deny that they are asserting a claim under this Act.

assignment of this Aliano Brothers Agreement to IFC took place in Illinois. Moreover, Aliano Brothers' damages arise, in part, from IFC's suit in Illinois against the Aliano Brothers to attempt to collect on the Agreement. All of these factors are allegedly connected to IFC in Illinois and are integral and substantial parts of the alleged fraudulent scheme.

*(4) Civil Conspiracy*

To allege a claim for civil conspiracy in Illinois, a plaintiff must allege: "(1) an agreement; (2) by two or more persons; (3) to perform an overt act or acts; (4) in furtherance of the agreement/conspiracy; (5) to accomplish an unlawful purpose or a lawful purpose by unlawful means; (6) that causes injury to another." *Bressner v. Ambroziak*, 379 F.3d 478, 483 (7th Cir. 2004) (*Bressner*). The overt act or acts must be tortious or unlawful acts. *Bressner*, 379 F.3d at 483. IFC asserts that Aliano Brothers fail to state a claim for civil conspiracy because Aliano Brothers do not state whether the alleged agreement between IFC and NorVergence was to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

The pleading requirements are satisfied simply by alleging sufficient facts from which a conspiracy can be inferred. *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir. 1985). "Conspiracy is not something that Rule 9(b) of the Federal Rules of Civil Procedure requires be proven with particularity, and so a plain and short statement will do." *Soblio*, 2006 WL 1762353, *5 (*quoting Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). Here, the Counterclaim asserts that IFC and NorVergence entered into an agreement to "procur[e] contracts in an unlawful and deceptive

7

manner," (Counterclaim, ¶ 56); claims that IFC attempted "to collect the full 60 month payments for services never provided for which IFC paid for at a discounted price," (Counterclaim, ¶ 57); and alleges that the agreement was to "procur[e] contracts in an unlawful and deceptive manner." Based on these standards, Aliano Brothers have sufficiently pled a claim for conspiracy.

## CONCLUSION

For the foregoing reasons, Plaintiff/Cross-Defendant IFC Credit Corporation's Motion to Dismiss the Aliano Brothers' Affirmative Defenses and Counterclaim is denied.

Dated: January 12, 2007

JOHN W. DARRAH
United States District Judge